30987.   CULVERSON *v.* THE STATE.

Decided October 18, 1945.

*Boykin & Boykin, Earl Staples,* for plaintiff in error.

*L. M. Wyatt, solicitor-general,* contra.

MacIntyre, J. █ The defendant, Buck Culverson, was convicted of voluntary manslaughter. He moved for a new trial which was overruled, and he excepted.

The evidence authorized the jury to find that the deceased, the defendant, and others were drunk at the home of the deceased, and that the deceased was the drunkest one of them; that the deceased and his wife "got into a scrap," and the defendant said, "I wouldn't do that;" that this brought about a fuss between the defendant and the deceased; that the deceased stabbed the defendant on the arm with a knife; that the defendant then left the deceased's house, obtained a gun, returned to said house, and shot the deceased without any provocation for shooting and killing him upon such return, after the defendant had obtained the gun. "The sufficiency of the interval for cooling time was a question for the jury. It was, therefore, proper for the court to charge the law on the subject, and leave it to the jury to say, among other things, whether or not there was irresistible passion upon the part of the accused, and whether or not there was sufficient time for the voice of reason and humanity to be heard, and whether or not the defendant, when the fatal shot was fired, was in fact laboring under the influence of that sudden, violent impulse of passion resulting from the difficulty, and supposed to be irresistible." *Williams* v. *State,* 125 *Ga.* 302, 304 (54 S. E. 108). The jury were authorized to find the defendant guilty of voluntary manslaughter.

█ The defendant contends in special ground 1 that the court committed reversible error in charging the jury on accident. We

can not agree with this contention, as the defendant in his statement to the jury said: "We [the defendant and the deceased] started back to drinking again, and he started again, and I told Claude, 'Let's go, there is going to be some trouble up [here], if we don't go,' and he got up. I was standing nearly outside of the door. He got up and stabbed me. He says, 'You black son-of-a-bitch, you, I am going to kill you.' I walked out the door and looked back through the glass and I seed him come out with a shotgun. I picked up a couple of rocks and throwed them, and I went to pick up some more, and he come out with a shotgun and told me, 'You black son-of-a-bitch, if you don't straighten up, I will blow you down.' I was scared and I didn't pick them up. He says, 'You damn dog, you, come back here.' He was right in front of his door. We got in a tussle, and the gun shot him [the defendant does not specifically say, "I shot the deceased in self-defense," or that he was accidently shot in the tussle, but that the gun shot him]." (Brackets ours.) We think that one of the inferences, though not necessarily the only one, which the jury would have been authorized to make from the defendant's statement was that the defendant meant, when he said, "The gun shot him [the deceased]" during the tussle, was that it went off accidently and killed the deceased during such tussle. Under this phase of the defendant's statement, the court did not commit reversible error in charging the jury on accident. *Golatt* v. *State,* 130 *Ga.* 18, 21 (60 S. E. 107).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*